UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SHAWN PETTAWAY,

        Plaintiff,

-v-                                               No. 09 Civ. 3587 (LTS)(JCF)

WILLIAM D. BROWN, Superintendent,

        Defendant.

-------------------------------------------------------x

## ORDER

        Magistrate Judge James C. Francis has issued a Report and Recommendation ("Report") recommending that the April 8, 2009, petition of Shawn Pettaway ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Timely objections to the Report were received from Petitioner and the Government ("Respondent"), as well as a Reply from the Petitioner. Petitioner has also submitted a letter request that a single newspaper clipping be made part of the record. The Court has reviewed the clipping and the Petitioner's arguments in connection therewith. Familiarity with the contents of the Report is presumed.

        In reviewing the Report, the Court "may accept reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(c) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors Hourly–Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)

(court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly the parties' objections and, for the following reasons, the Court adopts Judge Francis' Report in its entirety.

Petitioner raises three objections to the Report. First, he objects to the Report's finding that Petitioner has not sufficiently shown prejudice to excuse the procedural default of his claim that the jury instructions were inadequate. Specifically, Petitioner argues that the jury should have been instructed to consider each of the 32 counts separately and render independent verdicts as to each of them. The Court has reviewed this issue de novo. To prevail, Petitioner must show that the challenged jury instructions "had substantial and injurious effect or influence in determining the jury's verdict." Hedgepeth v. Pulido, 555 U.S. 57, 57 (2008). This Court must determine "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991). Here, Petitioner has not shown that he was substantially injured by the challenged instruction. The evidence against him on each count was very strong, and the trial court carefully instructed the

jury on each count separately. Further, with regard to each count, the trial court indicated the specific firearms and, where appropriate, the date of the alleged sale, supporting the count. Having received these instructions, the jury was made aware that each charge was separate and supported by different factual allegations and evidence. The trial judge's clear count-by-count instructions were reinforced to the jury by the verdict sheet they were given, which listed each count separately, along with the date of the alleged sale and the specific firearms supporting each count. Moreover, during deliberations the jury asked for audio recordings for two specific sales, evidencing that they engaged in an individualized assessment of each count. In light of this record, Petitioner has not established prejudice with respect to his jury instruction claim.

Petitioner also objects to the Report's conclusion that the admission of uncharged crimes evidence at Petitioner's trial is not cognizable in a petition for habeas corpus. Petitioner made the same argument in his original petition, so the Court reviews this aspect of the Report for clear error. The Court finds no clear error. "The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice." Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998). In this case, the challenged evidence relates to Petitioner's illegal procurement of firearms in Virginia. The introduction of such evidence was for proper purposes, namely, to complete the prosecution's narrative by explaining how Petitioner was able to acquire over 100 firearms and, also, to support the allegation that Petitioner and his co-defendant acted in concert to further a common scheme. Petitioner has provided no basis for concluding that the introduction of this evidence was unfair, let alone that its introduction at trial violated fundamental conceptions of justice.

Petitioner objects to the Report's conclusion that the sentence imposed on him does not amount to a constitutional violation meriting a grant of the writ of habeas corpus. Petitioner was sentenced to a term of incarceration for each of the 32 counts. The terms of incarceration were imposed concurrently for counts arising from the same sale and consecutively for counts arising from different sales, resulting in a sentence of 87 and ½ to 133 years. Pursuant to New York Penal Law, however, the Petitioner is serving a 20-year determinate sentence. See Penal Law § 70.30(1)(e)(ii).

Petitioner's challenge to his sentence is two-fold. He asserts, first, that the trial judge improperly imposed consecutive sentences and, second, that

> the gravity of the offense occurred as a direct result of the confidential informant and the undercover officer facilitating the transactions and without them, he and his co-defendant would not have been convicted and sentenced to consecutive terms of . . . imprisonment . . . which is what the Framers of the Constitution envisioned when they created the Eighth Amendment's prohibition against cruel and unusual punishment.

(Pet.'s Obj. 12.) Petitioner's first argument simply reiterates his original argument, so this aspect of the Report has been reviewed for clear error. The Court finds no clear error. The Report accurately explains that, in this case, the imposition of consecutive sentences is a matter of state law not cognizable in a habeas proceeding, and there is no basis for finding that the total sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment.

Petitioner, in his objection, augments his second argument challenging his consecutive sentence with a citation to a recent decision in United States v. Cromitie, 09 cr. 558, 2011 WL 1842219 (S.D.N.Y. May 10, 2011). The Court assumes without deciding that the citation to Cromitie is sufficient to make this argument more than a mere reiteration of the argument contained in the original petition. Accordingly, the Court has reviewed this aspect of

the Report de novo. Nonetheless, Petitioner's argument is unavailing. Whereas Cromitie addressed claims of entrapment, there is no evidence of entrapment here, and Petitioner has presented no basis to support a claim that his sentence should have been reduced on account of the participation of an undercover agent and confidential informant.

Respondent's sole objection challenges the Report's conclusion that Petitioner's excessive-sentence claim was "fairly presented" on state appeal and, thus, not unexhausted. The Report, however, did not make such a conclusion. Rather, after articulating the legal standard for determining whether a claim has been exhausted, the Report concludes that "even if this claim is unexhausted, it may be rejected if it is plainly meritless." (Report 24) (citing 28 U.S.C.A. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")) The Report then explains why the excessive-sentence aspect of Petitioner's application for a writ is meritless. The Report's review and rejection of Petitioner's meritless claim, even if the claim was unexhausted, is entirely appropriate.

The Court has reviewed all other aspects of the Report for clear error and finds Judge Francis' thorough and thoughtful Report to be entirely correct.

For the foregoing reasons, the Court adopts the Report in its entirety, and the petition for writ of habeas corpus is denied. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

    SO ORDERED.

Dated: New York, New York
      October 26, 2011

                                                LAURA TAYLOR SWAIN
                                                United States District Judge